UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GASPAR CANTU-MARIANO,                    Case No.

                Plaintiff,
      -vs.-                                    **COMPLAINT**

ELITE CAFE INC., B & I ELITE CAFE LLC,
E. NISANOV, CORP. and EVED NISANOV,

                Defendants.
----------------------------------------------------------X

Plaintiff, GASPAR CANTU-MARIANO, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### ***THE PARTIES***

1. Plaintiff, GASPAR CANTU-MARIANO, (hereinafter "Mr. Cantu-Mariano" or "Plaintiff") is an individual residing in Queens, NY.

2. Upon information and belief, Defendant ELITE CAFE INC., (hereinafter "Elite Cafe") was and is a domestic business corporation whose principal place of business is located at 72-28 Main Street, Flushing, NY 11367.

3. Upon information and belief, Defendant B & I ELITE CAFE LLC, (hereinafter "B & I Elite Cafe") was and is a domestic limited liability company whose principal place of business is located at 72-28 Main Street, Flushing, NY 11367.

4. Upon information and belief, Defendant E. NISANOV, CORP., (hereinafter "E. Nisanov") was and is a domestic business corporation whose principal place of business is located at 72-28 Main Street, Flushing, NY 11367.

5. Upon information and belief, Defendant EVED NISANOV, (hereinafter "Nisanov") is an individual, whose actual place of business is located at 72-28 Main Street, Flushing, NY 11367.

6. Upon information and belief, at all times herein pertinent, Defendant Nisanov, served as a principal, officer and/or manager of Defendants Elite Café, B & I Elite Café and E. Nisanov.

7. Upon information and belief, Defendant Nisanov is listed as Chief Executive Officer of Defendants Elite Café and E. Nisanov in documentation filed with the New York State department of state.

8. Prior to the filing of this Complaint, Defendant Nisanov was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

9. Prior to the filing of this Complaint, Defendant Nisanov was served with a Notice pursuant to N.Y. L.L.C. Law § 609.

10. Upon information and belief, for the calendar year 2014 the gross receipts of Elite Cafe were not less than $500,000.00.

11. Upon information and belief, for the calendar year 2015 the gross receipts of Elite Cafe were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2016 the gross receipts of Elite Cafe were not less than $500,000.00.

13. Upon information and belief, for the calendar year 2017 the gross receipts of Elite Cafe will not be less than $500,000.00.

14. Upon information and belief, for the calendar year 2014 the gross receipts of B & I Elite Cafe were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2015 the gross receipts of B & I Elite Cafe were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2016 the gross receipts of B & I Elite Cafe were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2017 the gross receipts of B & I Elite Cafe will not be less than $500,000.00.

18. Upon information and belief, for the calendar year 2014 the gross receipts of E. Nisanov were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2015 the gross receipts of E. Nisanov were not less than $500,000.00.

20. Upon information and belief, for the calendar year 2016 the gross receipts of E. Nisanov were not less than $500,000.00.

21. Upon information and belief, for the calendar year 2017 the gross receipts of E. Nisanov will not be less than $500,000.00.

22. Upon information and belief, the three corporate defendants Elite Café, B & I Elite Café and E. Nisanov are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

23. Upon information and belief the defendant Nisanov owns the beneficial interest in the defendants Elite Café, B & I Elite Café and E. Nisanov.

24. Upon information and belief, the defendant Nisanov conducts substantially all the management function of the defendants, Elite Café, B & I Elite Café and E. Nisanov.

25. Upon information and belief, the aggregate gross receipts of Elite Café, B & I Elite Café and E. Nisanov, exceeded $500,000.00 in each of the calendar years 2014 through 2017, inclusive.

26. Elite Café, B & I Elite Café and E. Nisanov have the same owners and management, the individual defendant herein.

## JURISDICTION AND VENUE

27. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

28. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

29. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

30. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce including, but not limited to, various food items and cleaning supplies.

31. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

32. Elite Cafe operates as a restaurant.

33. B & I Elite Cafe operates as a restaurant.

34. E. Nisanov operates as a restaurant.

35. Mr. Cantu-Mariano was employed by the Defendants from on or about December 3, 2012 until on or about January 26, 2017.

36. Mr. Cantu-Mariano was assigned various duties including, but not limited to, mopping, sweeping, cleaning kitchen exhaust vent/hood and preparing food.

37. Mr. Cantu-Mariano worked seven days per work week, Sunday through Thursday, inclusive from 11:00 AM until 11:00 PM, Fridays from 8:30 AM until about 4:00 PM and Saturdays from 5:30 PM until 1:00 AM.

38. Throughout his employment with the Defendants, Mr. Cantu-Mariano was paid on a salary basis.

39. From on or about December 13, 2012 until on or about December 20, 2012, Mr. Cantu-Mariano was paid a salary of $270.00 per work week.

40. From on or about December 21, 2012 until on or about January 1, 2013, Mr. Cantu-Mariano paid a salary of $400.00 per work week.

41. From on or about January 2, 2013 until on or about January 14, 2013, Mr. Cantu-Mariano paid a salary of $500.00 per work week.

42. From on or about January 15, 2013 until on or about January 14, 2014, Mr. Cantu-Mariano paid a salary of $575.00 per work week.

43. From on or about January 15, 2014 until on or about January 14, 2015, Mr. Cantu-Mariano paid a salary of $650.00 per work week.

44. From on or about January 15, 2015 until on or about January 26, 2017, Mr. Cantu-Mariano paid a salary of $700.00 per work week.

45. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

46. Plaintiff did not receive the statutory minimum wage for all hours worked.

47. Defendants failed to pay Plaintiff spread of hours pay.

48. Upon information and belief, Defendant Nisanov had the power to hire employees at Elite Café, B & I Elite Café and E. Nisanov.

49. Upon information and belief, Defendant Nisanov hired Mr. Cantu-Mariano on or about December 3, 2012.

50. Upon information and belief, Defendant Nisanov had the power to fire employees at Elite Café, B & I Elite Café and E. Nisanov.

51. Defendant Nisanov controlled the terms of the Plaintiff's employment in he would tell him what tasks to complete and on what time frame they needed to be completed.

52. Upon information and belief, Defendant Nisanov controlled the work schedule of all of the employees of Elite Café, B & I Elite Café and E. Nisanov, including the Plaintiff's work schedules.

53. Upon information and belief, Defendant Nisanov controlled the rates and methods of payment of each of the employees of Elite Café, B & I Elite Café and E. Nisanov, including the Plaintiff's pay rates and methods of pay.

54. At all times herein pertinent, the Plaintiff performed his duties for the Defendants Elite Café, B & I Elite Café and E. Nisanov, at the direction and under the control of Defendant Nisanov.

55. Upon information and belief, and at all times herein pertinent, Defendant Nisanov, exercised close control over the managerial operations of Elite Café, B & I Elite Café and E. Nisanov, including the policies and practices concerning employees.

56. At all times herein pertinent, Defendant Nisanov controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Elite Café, B & I Elite Café and E. Nisanov in general, and with respect to the Plaintiff in particular.

57. At all times herein pertinent, Defendant Nisanov acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

58. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages she earned.

59. Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

60. Defendants failed to furnish the Plaintiff with proper annual wage notices, as required by the NYLL.

61. Defendants failed to furnish the Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE)

62. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

64. Defendants have failed to pay the proper statutory minimum wage to which he has been entitled under the FLSA.

65. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

66. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

68. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69. Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

70. Defendants failed to pay the Plaintiff the overtime wages to which the Plaintiff was entitled under the FLSA.

71. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY MINIMUM WAGE)

72. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73. At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

74. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

75. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

76. Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

77. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

79. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

81. Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

82. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

84. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

86. Plaintiff hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

87. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

89. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

91. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wage due and owing to the Plaintiff;

b) awarding back pay for overtime pay due and owing to the Plaintiff;

c) awarding back pay for spread of hours pay due and owing to the Plaintiff;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
June 26, 2017

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
File No.: 52947

To:

ELITE CAFE INC.
72 -28 Main Street
Flushing, NY 11367

B & I ELITE CAFE LLC
72 -28 Main Street
Flushing, NY 11367

E. NISANOV, CORP.
72 -28 Main Street
Flushing, NY 11367

EVED NISANOV
72 -28 Main Street
Flushing, NY 11367

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GASPAR CANTU-MARIANO,                                                Case No.

                           Plaintiff,
    -vs.-

ELITE CAFE INC., B & I ELITE CAFE LLC,
E. NISANOV, CORP. and EVED NISANOV,

                           Defendants.
--------------------------------------------------------X

**COMPLAINT**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52947