

WWW.MKCLAWGROUP.COM
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 1250 BROADWAY, 36TH FL. STE. 300 | 2 EXECUTIVE DRIVE, STE. 720 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10001 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*  EMAIL: MKC@MKCLAWGROUP.COM

December 30, 2019

*Via ECF; Total Pages: 5*
Hon. Sterling Johnson, Jr., U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Cantu-Mariano v. Elite Cafe Inc. et al
     Docket No. 1:17-cv-03814-SJ-RML

Dear Judge Johnson:

  This office is currently counsel of record for Defendants B & I Elite Café, LLC and Benjamin Haimoff ("Defendants" or "Haimoff Defendants")[1] in the above referenced matter. I write in response to Your Honor's instruction to file a status report by December 30, 2019.

  Mr. Hamra filed a Motion to Substitute Attorney (DE 50) on December 11, 2019, seeking to substitute as counsel for the Defendants. Mr. Hamra also filed on December 12, 2019 a Motion to Stay the Litigation and the Summary Judgment Briefing Schedule (DE 51). The Summary Judgment Briefing Schedule, for Plaintiff's Motion for Partial Summary Judgment on the issue of successor liability, was set by an Order entered on September 10, 2019.

  Briefly, this is a wage and hour case brought pursuant to the FLSA and NYLL. Plaintiff was initially employed by the defaulting co-defendants Elite Café, Inc. and Eved Nisanov from December 3, 2012 through September 12, 2016. On or about September 12, 2016, Defendant B & I Elite Café, LLC purchased the restaurant equipment and inventory from Elite Café and Nisanov, and took over the location and established an entirely new restaurant.

---

[1] B & I Elite Café, LLC and Benjamin Haimoff are referred to herein as "Defendants" or "Haimoff Defendants", to distinguish them from the defaulting Defendants, Elite Café, Inc, E. Nisanov Corp. and Eved Nisanov (collectively referred to as the "Nisanov Defendants").

1

Defendants B & I Elite Café, Inc. and Haimoff thereafter operated an entirely new restaurant at the site of the former Elite Café. Plaintiff was employed by B & I Elite Café, LLC for approximately four (4) months from September 13, 2016 until January 26, 2017 with Defendants. Thus, the liability, if any, of B & I Elite Café, LLC and Haimoff is limited to a four (4) month period of time out of the total four plus years of employment on which Plaintiff's wage claims are based.

Plaintiff has pled successor liability in an effort to hold B & I Elite Café, LLC and Benjamin Haimoff liable for the wage claims for the entire four year period of employment, as the "Nisanov Defendants" are in default. As indicated in the court docket, Plaintiff's counsel was instructed twice to move for certificates of default against the "Nisanov Defendants" with motions for default judgment to be held in abeyance. (See 10/11/17 and 5/3/18 Minute Entries, copies provided below).

| 10/11/2017 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: One individual and 2 corporate defendants have not answered. Plaintiff will move for certificates of default; motions for default judgment will be held in abeyance until resolution of the claims against the answering defendants. Hearing held on 10/11/2017 (Levy, Robert) (Entered: 10/11/2017) |
|---|---|

| 05/03/2018 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Louis Leon, Michael Chong. (1) Evan Nisanov has not appeared. Plaintiff will seek a certificate of default against the non-responding defendants. (2) The parties disagree about the key issue of successor liability and will advise at the next conference whether they have resolved this issue. Plaintiff will serve requests for admissions and other written discovery by 5/11/18. All discovery shall be completed by 7/13/18. Next conference 7/18/18 at 12:00 (tel)(close of discovery). Status Conference held on 5/3/2018 (Levy, Robert) (Entered: 05/03/2018) |
|---|---|

Plaintiff's counsel has not yet moved for certificates of default against the "Nisanov Defendants." It should be noted that Plaintiff's counsel also has another pending FLSA lawsuit against defendant Eved Nisanov in the EDNY before Judge Frederic Bock - **Ayala-Zacarias v. Benjys Kosher Pizza & Dairy Restaurant, Inc., Eved Nisanov et al**, **Docket No: 1:17-cv-00682.** Most recently in that matter, the docket indicates that Nisanov will be "re-filing" for bankruptcy. (See Docket Entry below).

| 12/20/2019 | Minute Entry for proceedings held before Judge Frederic Block: Louis Leon, Esq. for the plaintiff and Lawrence Morrison, Esq. for the defendants, all present. Pre-trial conference held on 12/20/2019. This case does not require a pre-trial order. The defendant will be re-filing a Bankruptcy action. A further conference is set for 1/14/20 @ 3pm to see the status of the Bankruptcy case. (Court Reporter: Not Reported.) (Innelli, Michael) (Entered: 12/20/2019) |
|---|---|

Defendants B & I Elite Café, LLC and Haimoff previously filed a letter motion request for leave to file a Motion for Partial Summary Judgment on the issue of successor liability (DE 40 and DE 41), and demonstrated that there are no facts to support the claim of successor liability, and that there are no genuine issues of material fact that would preclude determining as a matter of law that there is no successor liability.

Thereafter, as indicated throughout the court docket, the parties engaged in multiple settlement discussions, which included the participation of Magistrate Judge Levy, to no avail. The main obstacle being Plaintiff's demand that the "Haimoff Defendants" are liable for all four years of Plaintiff's alleged employment, rather than the actual four (4) months of employment that the Plaintiff worked for the "Haimoff Defendants."

On December 11, 2019, Ibrahim Abohamra, Esq. filed a Notice of Appearance (DE 49) on behalf of the "Haimoff Defendants"; and a Motion to Stay the Litigation and the Summary Judgment Schedule (DE 51). The reasons in Mr. Abohamra's filings for seeking a one month extension are muddled at best, have changed in the course of the letters filed with respect to the requested extension, and include false and wholly unsubstantiated claims that I allegedly delayed in providing the litigation file to Mr. Abohamra, and a claim, articulated by Plaintiff's counsel only, and not Mr. Abohamra, that Mr. Haimoff allegedly provided to me "vital" documents which I failed to produce to Plaintiff in discovery.

Mr. Abohamra alleged in his letter dated December 12, 2019 that he had not yet heard back from me with respect to transfer of the litigation file "despite multiple phone calls and text messages." (DE 51). The accurate facts surrounding the Substitution of Attorney and transfer of the litigation file are set forth in my letter of December 12, 2019 (DE 52). The first communication from Mr. Abohamra about substituting as counsel for the Defendants was an e mail received in the evening hours of December 10, 2019. I worked with Mr. Abohamra to promptly finalize a Substitution which was filed the next day, December 11, 2019 (DE 50). I disputed the accuracy of Mr. Abohamra's representation to the Court that he made multiple phone calls and sent multiple texts to me about the transfer of the litigation file (DE 52).

By his letter dated December 12, 2019 (DE 53), Mr. Abohamra acknowledged his errors in stating there were no text messages but phone calls to my office about the transfer of the file, and further he acknowledged receipt of an e mail on the evening of December 12, 2019 with the complete litigation file.

Thus, I have fully cooperated in the filing of a Substitution of Attorney and the transfer of the litigation file to Mr. Abohamra which was accomplished within 48 hours of the first communication I received from Mr. Abohamra about him being retained to substitute as counsel for the Defendants.

Mr. Abohamra also admitted that even if he had received the litigation file in less than 48 hours after his first communication to me, he still would have requested a one month extension of the Summary Judgment Briefing Schedule as he needs time to review the file.

Plaintiff's counsel Louis Leon, Esq. responded to the requested stay of the summary judgment briefing schedule by letter dated December 13, 2019. (DE 54). In that letter, Mr. Leon obscurely requests that I not be relieved as counsel until certain alleged disputes which he claims would subject me individually to sanctions are resolved.

Mr. Leon alleges that Mr. Abohamra stated to him that he needed time to "***investigate*** his clients' ***claims***" that I failed to turn over in discovery "vital" evidence. Plaintiff's counsel does not identify what this alleged "vital" evidence is.

It is noteworthy that: (1) Mr. Abohamra has never communicated to me that there is any claim he is investigating claims that I failed to turn over documents or any evidence in discovery, nor has Mr. Abohamra advised the Court that this is the alleged reason he seeks an extension of the briefing schedule; and (2) that Mr. Leon fails to specify to the Court the alleged "*abundant array of evidence*" that Mr. Abohamra allegedly identified to Mr. Leon as evidence that was turned over to me before the close of discovery, but which I allegedly failed to produce to Plaintiff.

It is curious that Mr. Abohamra would specify for Mr. Leon an *abundant array of vital evidence* that I allegedly received but failed to produce in discovery, but neither Mr. Abohamra nor Mr. Leon ever communicated to me (or the court) the specifics of the alleged "vital" evidence I allegedly failed to produce. Evidently because there is no basis for this outlandish allegation. Indeed, through and including today, I have never received any communication from either Mr. Abohamra or Mr. Leon specifying any evidence that I received but did not produce in discovery.

I am clearly at a disadvantage to respond to the claims that I failed to produce "vital" evidence in discovery where neither counsel has bothered to inform me (or the court), specifically what evidence I allegedly failed to produce in discovery.

As set forth in my letter of December 13, 2019, I have produced in discovery all responsive documents and evidence, and that I do not have any documents or evidence that were withheld from production in discovery. All documents that my client provided, were produced in discovery.

Several days after Mr. Leon's letter alleging that I failed to produce documents or evidence in my possession in discovery, I received a communication from Mr. Haimoff claiming that he provided to me airline tickets that would prove he was out of the country prior to the purchase of the restaurant equipment and inventory on September 12, 2016, and this would

4

show that he was not involved in the operation of the restaurant when it was Elite Café operated by defendant Nisanov.

While I question the probative value of the airline tickets to the continuity of ownership analysis for the test of successor liability, had Mr. Haimoff provided the airline tickets to me, I would have produced the airline tickets in discovery. Mr. Haimoff never provided me with any airline tickets. I have reviewed the file, and the history of my e mail communications with Mr. Haimoff, and confirmed that Mr. Haimoff did not provide airline tickets (or any other documents) to demonstrate that he was out of the country for a period of time before B & I Elite purchased the equipment and inventory.

Thus, I respectfully submit that the double hearsay allegation by Mr. Leon that Mr. Abohamra allegedly told him I withheld documents or evidence in discovery is without merit and not a basis to decline my request to be relieved as counsel for Defendants, nor open up a collateral litigation over documents allegedly withheld in discovery, based on specious and unspecified claims that unidentified alleged documents or evidence were not produced in discovery.

Finally, Your Honor's docket entry of September 10, 2019 set a briefing schedule for Plaintiff's Motion for Partial Summary Judgment (DE 42). Defendants also filed a letter request to file a Motion for Partial Summary Judgment (DE 40 and De 41). Both motions would address successor liability. There is a very substantial difference in the potential monetary exposure to Defendants based on whether or not there is a basis for successor liability, and it is respectfully requested that the new briefing schedule to be set encompass both Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion or Cross Motion for Partial Summary Judgment.

I further request that I be relieved as counsel for Defendants, as they have retained new counsel Mr. Abohamra, and there is a clear breakdown in communication which would prevent me from effectively representing them.

Thank you for your kind consideration courtesies in addressing this matter.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/
cc: All counsel (*via ECF*)