

**WWW.MKCLAWGROUP.COM**
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 1250 BROADWAY, 36TH FL. STE. 300 | 2 EXECUTIVE DRIVE, STE. 720 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10001 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*            EMAIL: MKC@MKCLAWGROUP.COM

January 15, 2020

*Via ECF; Total Pages: 7*
Hon. Sterling Johnson, Jr., U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Cantu-Mariano v. Elite Cafe Inc. et al
             Docket No. 1:17-cv-03814-SJ-RML

Dear Judge Johnson:

     This office is currently counsel of record for Defendants B & I Elite Café, LLC and Benjamin Haimoff ("Defendants" or "Haimoff Defendants") in the above referenced matter. I write in response to Plaintiff's counsel's Response to Order to Show Cause to the court dated January 6. 2020 (Doc 58).

## 1. **Plaintiff's counsel's Response to Order to Show Cause to the court dated January 13, 2020 (Doc 60) is woefully inadequate.**

     Plaintiff's counsel's response is woefully inadequate and fails to Show Cause why sanctions should not be imposed and this matter should not be dismissed for failure to prosecute. Plaintiff's counsel does not even make the effort to submit a sworn Affidavit or Certification as to the facts, warranting his failure to prosecute this matter.

     No Certification of Counsel is submitted attesting to the facts of why he has breached the court's procedures concerning adjournments, which must be made at least 48 hours prior to any conference.

     No Certification of Counsel is submitted with attached Exhibits of Plaintiff's counsel's lengthy vacation trip to Europe, including a trip itinerary, airline tickets, hotel reservations or the like. Such documents would show the date this trip was booked. One can reasonably conclude, such an extensive vacation to "Europe" was booked many weeks or even months in advance of

1

the January 7, 2020 conference.

No Affidavits are submitted from the other attorneys in his office attesting that they were not available to appear for the January 7, 2020 conference before Your Honor. Yet, Plaintiff's counsel contends "none" of the attorneys in his office were available.

Plaintiff's counsel merely submits a thin letter blaming others for his failure to appear to a court ordered conference or comply with Your Honor's well established rules that all adjournments be made at least 48 hours in advance, because he was on a "European vacation."

Apparently Plaintiff's counsel's European vacation plans take precedent over the court's valuable and limited time, and the court's staff who must be burdened unnecessarily with additional work reviewing and responding to same.

Plaintiff's weak submission does not Show Cause why a sanction should not be issued and why the action should not be dismissed for failure to prosecute. As such, Defendants respectfully request their reasonable attorney's fees in relation to Plaintiff's failure to comply with Your Honor's long standing rules concerning adjournments, and dismissal of Plaintiff's Complaint for failure to prosecute.

2. **A Continued Pattern - Failure to Prosecute - Failure to Comply with 3 Court Orders**

Briefly, this is a wage and hour case brought pursuant to the FLSA and NYLL. Plaintiff was initially employed by the defaulting co-defendants Elite Café, Inc. and Eved Nisanov ("Nisanov Defendants") from December 3, 2012 through September 12, 2016 (approximately 4 years). On or about September 12, 2016, Defendant B & I Elite Café, LLC purchased the restaurant equipment and inventory from Elite Café and Nisanov, and took over the location and established an *entirely* new restaurant. *See* Doc 41.

Defendants B & I Elite Café, Inc. and Haimoff ("Haimoff Defendants") thereafter operated an entirely new restaurant at the site of the former Elite Café. Plaintiff was employed by B & I Elite Café, LLC for approximately four (4) months from September 13, 2016 until January 26, 2017 with the Haimoff Defendants. Thus, the liability, if any, of B & I Elite Café, LLC and Haimoff is limited to a four (4) month period of time out of the total four plus years of employment on which Plaintiff's wage claims are based.

Plaintiff's counsel has pled "successor liability" in an effort to hold B & I Elite Café, LLC and Benjamin Haimoff liable for the wage claims for the entire four year period of employment, as the "Nisanov Defendants" are in default.

As indicated in the court docket, Plaintiff's counsel was ordered **_THREE TIMES_** to move for certificates of default against the "Nisanov Defendants" with motions for default judgment to be held in abeyance, to no avail. (*See* 10/11/17, 2/28/18 and 5/3/18 Minute Entries, copies provided below).

| | |
|---|---|
| 10/11/2017 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: One individual and 2 corporate defendants have not answered. **Plaintiff will move for certificates of default; motions for default judgment will be held in abeyance until resolution of the claims against the answering defendants.** Hearing held on 10/11/2017 (Levy, Robert) (Entered: 10/11/2017) |
| 02/28/2018 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Louis Leon, Michael Chong. (1) On or before 3/2/18, Mr. Leon will provide a draft amended complaint and stipulation to add the owner of B&I Elite Cafe LLC as a defendant. Mr. Chong will advise whether he consents by 3/5/18. (2) On or before 3/2/18, Mr. Chong will produce records relating to the defense that his clients did not do business in 2017 that reached the $500,000 income threshold. (3) **Mr. Leon reports that defendant Eyed Nisanov intends to appear through counsel shortly. If he does not do so, plaintiff shall move for a certificate of default against the non-responding defendants.** (4) The discovery deadline is extended to 4/30/18. Next conference 4/23/18 at 10:30 (tel)(status). Status Conference held on 2/28/2018 (Levy, Robert) (Entered: 02/28/2018) |

\* This 02/28/2018 entry documents that Mr. Leon was communicating with Nisanov in the other matter noted below: **Ayala-Zacarias v. Benjys Kosher Pizza & Dairy Restaurant, Inc., Eved Nisanov et al**, Docket No: 1:17-cv-00682

| | |
|---|---|
| 05/03/2018 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Louis Leon, Michael Chong. **(1) Evan Nisanov has not appeared. Plaintiff will seek a certificate of default against the non-responding defendants.** (2) The parties disagree about the key issue of successor liability and will advise at the next conference whether they have resolved this issue. Plaintiff will serve requests for admissions and other written discovery by 5/11/18. All discovery shall be completed by 7/13/18. Next conference 7/18/18 at 12:00 (tel)(close of discovery). Status Conference held on 5/3/2018 (Levy, Robert) (Entered: 05/03/2018) |

Despite *three (3) court orders*, Plaintiff's counsel has not complied by moving for certificates of default against the "Nisanov Defendants." This is a clear failure to prosecute.

Had Plaintiff's counsel complied with the above three (3) court orders, this matter would have been resolved months if not years ago -- as the "Haimoff Defendants" have made substantial settlement offers to resolve the four (4) month claim against them, to no avail.

Instead Plaintiff's counsel has been seeking to extort the Haimoff Defendants to also pay for the four (4) year liability of the Plaintiff's employment with the "Nisanov Defendants."

3

It should be noted that Plaintiff's counsel also has another pending FLSA lawsuit against defendant Eved Nisanov in the EDNY before Judge Frederic Bock - **Ayala-Zacarias v. Benjys Kosher Pizza & Dairy Restaurant, Inc., Eved Nisanov et al**, Docket No: **1:17-cv-00682.** Most recently in that matter, the docket indicates that Nisanov will be "re-filing" for bankruptcy. (See Docket Entry below).

| 12/20/2019 | Minute Entry for proceedings held before Judge Frederic Block: Louis Leon, Esq. for the plaintiff and Lawrence Morrison, Esq. for the defendants, all present. Pre-trial conference held on 12/20/2019. This case does not require a pre-trial order. The defendant will be re-filing a Bankruptcy action. A further conference is set for 1/14/20 @ 3pm to see the status of the Bankruptcy case. (Court Reporter: Not Reported.) (Innelli, Michael) (Entered: 12/20/2019) |
|---|---|

Plaintiff's counsel has been playing a game or "Gaming" which case -- this case or **Ayala-Zacarias v. Benjys Kosher Pizza & Dairy Restaurant, Inc., Eved Nisanov et al**, **Docket No: 1:17-cv-00682**, in which he can extort a payment from "Nisanov " -- at the time and expense of the parties, and two Federal Court Judges, Your Honor and Judge Frederic Bock.

Had Plaintiff's counsel complied with the above three (3) court orders, this instant matter, **Cantu-Mariano v. Elite Cafe Inc. et al**, would and should have been resolved months if not years ago. Plaintiff's counsel's failure to comply with the above three (3) court orders is a failure to prosecute warranting sanctions and dismissal.

**3. Plaintiff's Counsel's Continued Venomous Game Playing at the Court's Expense Further Warrants Sanctions and Dismissal of the Complaint for Failure to Prosecute.**

As the court can see, throughout the docket in this case, Plaintiff's counsel has continued to make frivolous requests for "sanctions" against Defendants' counsel at every step of this matter. All have been denied. (*See* Doc 27, denied; *See* Doc 35, denied; *Se*e Doc 36, denied).

Plaintiff's counsel, Louis Leon, Esq., is a young attorney, admitted in 2015, apparently filled with venom and bent on obtaining some type of sanctions against counsel. Unfortunately, this continued venomous conduct has further wasted the court's time and the parties.

Now the most recent venomous and frivolous attack by Plaintiff's counsel Louis Leon, Esq. is asserted in his December 13, 2019 letter (Doc 54) in which he responded to the requested stay of the summary judgment briefing schedule. In that letter, Mr. Leon obscurely requests that I not be relieved as counsel until certain alleged disputes which he claims would subject me individually to sanctions are resolved.

Mr. Leon alleges that Mr. Abohamra stated to him that he needed time to "*investigate* his clients' *claims*" that I failed to turn over in discovery "vital" evidence. Plaintiff's counsel does not identify what this alleged "vital" evidence is.

<u>It is noteworthy that since December 13, 2019 to the present:</u>

(1) Mr. Abohamra has never communicated to me that there is any claim that he is investigating claims that I failed to turn over documents or any evidence in discovery, nor has Mr. Abohamra advised the Court that this is the alleged reason he seeks an extension of the briefing schedule; and

(2) that Mr. Leon fails to specify to the Court the alleged "*abundant array of evidence*" that Mr. Abohamra allegedly identified to Mr. Leon as evidence that was turned over to me before the close of discovery, but which I allegedly failed to produce to Plaintiff.

It is curious that Mr. Abohamra would specify for Mr. Leon an *abundant array of vital evidence* that I allegedly received but failed to produce in discovery, but neither Mr. Abohamra nor Mr. Leon ever communicated to me (or even the court) the specifics of the alleged "vital" evidence I allegedly failed to produce. Evidently because there is no basis for this outlandish allegation. Indeed, through and including today, I have never received ***any*** communications from either Mr. Abohamra or Mr. Leon specifying any evidence that I received but did not produce in discovery.

As set forth in my letter of December 13, 2019 (Doc 55), I have produced in discovery all responsive documents and evidence, and that I do not have any documents or evidence that were withheld from production in discovery. All documents that my client provided, were produced in discovery.

Several days after Mr. Leon's December 13, 2019 letter (Doc 54) alleging that I failed to produce documents or evidence in my possession in discovery, I received a communication from Mr. Haimoff claiming that he provided to me airline tickets that would prove he was out of the country prior to the purchase of the restaurant equipment and inventory on September 12, 2016, and this would show that he was not involved in the operation of the restaurant when it was Elite Café operated by defendant Nisanov. (I contemplate how far Plaintiff's counsel would go with his venomous attacks to obtain sanctions against me -- would he engage in this "story" and advise Mr. Aborhama if you agree to it, I will lower my settlement demand?).

Had Mr. Haimoff provided the airline tickets to me, I would have produced the airline tickets in discovery. Mr. Haimoff never provided me with any airline tickets. I have reviewed the file, and the history of my e mail communications with Mr. Haimoff, and confirmed that Mr. Haimoff did not provide airline tickets (or any other documents) to demonstrate that he was out of the country for a period of time before B & I Elite purchased the equipment and inventory. Moreover, and more importantly Mr. Haimoff has already attested under oath that he was not in the country and in Israel with his family. *See* Doc 41.

Thus, I respectfully submit that the double hearsay allegation by Mr. Leon that Mr. Abohamra allegedly told him I withheld documents or evidence in discovery is without merit and not a basis to decline my request to be relieved as counsel for Defendants, nor open up a collateral litigation over documents allegedly withheld in discovery, based on specious and unspecified claims that unidentified alleged documents or evidence were not produced in discovery.

It is highly curious that a Plaintiff's counsel would go to such great lengths to make such a concern over an allegation that Defendants failed to produce documents. Indeed, such an act would benefit Plaintiff's case - why would Plaintiff's counsel protest? Normally, in such circumstances a Plaintiff's counsel would be joyous and contend such documents are now precluded. Here, Plaintiff's counsel is the one who is seeming trying to "prosecute" this frivolous allegation -- on behalf of Defendants' new counsel.

The reasons are obvious to the naked eye. It only further evidences the true basis for the claim by Mr. Leon --  This is just another venomous attack by Plaintiff's counsel. Another continued frivolous attempt to obtain some type of sanctions against counsel. It is entirely baseless and frivolous and should be sanctioned.

Indeed, Mr. Leon has significant time to fill the court's docket with these frivolous "Goose Chase" stories so that everyone has to waste their valuable time on them. Your Honor and the court's staff spend valuable time addressing these "Goose Chases", along with Defendants' counsel.

Mr. Leon fills the Court docket with these venomous "Goose Chases" stories, wasting everyone's time, but he has time to plans extensive vacations to Europe

Instead of prosecuting this 2017 lawsuit, Mr. Leon spends the court's time on these "Goose Chases" and then claims he is too busy planning European vacations and travelling abroad to prosecute this lawsuit.

Instead of complying with Your Honor's well established rule of 48 hours advanced notice to adjourn a conference, Mr. Leon literally flouts those rules, and contends he was on a two-week vacation to "to the Country of Georgia (formerly known as the Republic of Georgia)" in Eastern Europe. (Plaintiff's counsel's letter Doc 60).

## CONCLUSION

Thus, I respectfully submit that the double hearsay allegation by Mr. Leon that Mr. Abohamra allegedly told him I withheld documents or evidence in discovery is without baseless, entirely without merit and not a basis to decline my request to be relieved as counsel for Defendants, nor open up a collateral litigation over documents allegedly withheld in discovery, based on specious and unspecified claims that unidentified alleged documents or evidence were not produced in discovery.

I further respectfully submit that sanctions should be imposed upon Plaintiff's counsel in the form of reasonable attorney's fees and costs to respond to his numerous "Goose Chase" stories and for his 12th hour adjournment request of the January 7, 2020 conference. I appeared at Your Honor's courtroom at approximately 8:10 a.m., and thereafter waited for the courtroom to open. I was met thereafter by Your Honor's secretary who advised that an adjournment order was posted at 8:31 a.m.

Further as provided above, dismissal of this 2017 Complaint is warranted based on a continued lack of prosecution.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/
cc: All counsel (*via ECF)*