# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

February 6, 2020

***Via Electronic Case Filing***
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Cantu-Mariano v. Elite Café Inc. et al.*
              Case No.: 1:17-cv-03814 RLM

Your Honor:

      This firm represents the Plaintiff Gaspar Cantu-Mariano in the above-referenced wage and hour matter against B & I Elite Café LLC and Benjamin Haimoff ("Defendants"). We write to respectfully clarify a portion of the Court's Order, dated February 6, 2020, which we believe incorrectly states our position on the issue of further discovery int his case.

      During today's phone call with the Court, counsel for the parties generally outlined their respective positions on the usage of evidence pertaining to Defendant's Haimoff's whereabouts during the relevant time periods. Defendants' position was that they should be allowed to rely on this evidence at trial or reopen discovery to permit its usage. Plaintiff's position was that Defendants have waived their right to use or rely upon any discovery that was not turned over during the discovery period, which ended close to 1.5 years ago. Ultimately, counsel agreed to invest their immediate time and resources towards a settlement conference before Your Honor.

      In anticipation of a settlement conference and only for that purpose, counsel further agreed that Defendants would furnish Plaintiff's counsel with certain financial records and all evidence regarding Mr. Haimoff's whereabouts during the relevant time periods. The Court agreed with this course of action. At no point did Plaintiff consent or intend to consent to reopening formal discovery. Again, since learning of the alleged new evidence, our position has been (and still is) that Defendants have waived their right to utilize it in any way and that allowing them to do so - other than for settlement purposes - would greatly prejudice Plaintiff.

      Our understanding of today's phone call was that the Court would revisit the issues concerning the new evidence/discovery, if the parties are unable to settle at the conference. We prefer that course of action and respectfully ask the Court to revise its Order accordingly. To the extent that the Court's Order simply meant to allow the parties to engage in informal discovery in anticipation of a settlement conference, without waiving their positions on any new evidence, our request can be ignored.

                                        Respectfully Submitted,
                                        _____/s/_____
                                        Louis M. Leon, Esq.